**In the Matter of Augustus L. REEVES, Juanita J. Reeves, Debtors.**

**No. 04–17370–WHD.**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

April 10, 2007.

Jonathan R. Melnick, Atlanta, GA, for Debtors.

### ORDER

W. HOMER DRAKE, JR., Bankruptcy Judge.

This matter constitutes a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. § 157(b)(2)(A); *In re Lehtinen,* 332 B.R. 404 (9th Cir. BAP 2005) (attorney disciplinary matters arising during the course of an attorney's representation of a debtor "in matters central to the administration" of the debtor's case fit "comfortably within the ambit of a core proceeding").

### FACTUAL BACKGROUND

On July 19, 2004, Augustus and Juanita Reeves (hereinafter the "Debtors"), with the assistance of their counsel, Jonathan Melnick, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. After receiving a discharge on November 30, 2004, the Debtors converted their case to one under Chapter 13. On April 21, 2006, the Standing Chapter 13 trustee filed a motion to re-convert the Debtors' case to one under Chapter 7. The Trustee's motion

was heard on May 25, 2006, at which time Melnick failed to appear to represent the Debtors. Following a show cause hearing held on June 8, 2006, the Court ordered Melnick to pay $200 to the Trustee and to file an affidavit evidencing his compliance with the sanctions order. The Trustee withdrew his initial motion to convert on June 15, 2006, but filed a similar motion on September 19, 2006, which was granted on December 5, 2006.

On December 15, 2006, AmeriCredit Financial Services, Inc. filed a motion for relief from the automatic stay with regard to the Debtors' 2000 GMC Sonoma. The motion was set for hearing on January 5, 2007, and counsel for AmeriCredit provided written notice to the Debtors and Melnick. On January 2, 2007, the Court received a letter indicating that Melnick had a scheduling conflict and would be unable to attend the January 5th hearing. The Court's notes reflect that Mr. Reeves appeared for the January 5th hearing to oppose AmeriCredit's motion and that, due to Melnick's conflict, the hearing was continued to January 19, 2007. As is the practice of this Court, no further written notice of the continuance was given.

Melnick failed to appear for the January 19th hearing and did not file a conflict letter or otherwise inform the Court of his absence. By order dated January 19, 2007, the Court directed Jonathan Melnick to appear on February 16, 2007 to show cause why he should not be sanctioned for his failure to represent the Debtors at the January 19th hearing. On January 31, 2007, due to the Court's calendar, the Court issued an amended order resetting the show cause hearing to March 2, 2007. On February 22, 2007, the Court received a letter from Melnick, pursuant to Rule 17.1 of the Uniform Superior Court Rules,[1] indicating that he would not attend the

---

**1.** Rule 17.1 of the Uniform Superior Court Rules provides that "[a]n attorney shall not be

deemed to have a conflict unless: (1) he is lead counsel in two or more of the actions

March 2nd show cause hearing due to a scheduling conflict. Melnick did not appear at the March 2nd hearing. On March 5, 2007, the Court issued a second show cause order in which the Court expressed its concern over Melnick's handling of the Debtors' case. The Court specifically noted its position that the standard conflict procedures do not apply when an attorney is individually ordered to appear and show cause before the Court. The Court stated that, at the very least, it "expects an attorney who has been directed to show cause and has a conflict with the hearing date to contact· the Court directly to resolve the scheduling conflict." The Court provided Melnick a second opportunity to appear on March 23, 2007 to show cause why the Court should not sanction him. The March 5th Show Cause Order expressly warned that the sanction could include a suspension from practice.

On March 16, 2007, the Court received another conflict letter indicating that Melnick would not attend the March 23rd Show Cause Hearing. On March 22, 2007, the Court received a more detailed letter in which Melnick further advised the Court of his scheduling conflict and also responded to the concerns raised by the Court in its March 5th Show Cause Order. Melnick did not appear for the March 23rd Show Cause Hearing.

### Conclusions of Law

■ This Court has inherent authority to impose civil sanctions upon attorneys practicing before it. *See In re Sunshine Jr. Stores, Inc.,* 456 F.3d 1291 (11th Cir. 2006); *Lehtinen,* 332 B.R. at 412. Additionally, section 105 provides a basis for

the entry of orders "necessary or appropriate" to carry out the provisions of the Bankruptcy Code. *See In re Lacy,* 353 B.R. 264 (Bankr.D.Colo.2006) (section 105(a) provides basis for entering sanctions order against debtor's attorney). Pursuant to Bankruptcy Local Rule, attorney disciplinary matters are governed by Rules 83.1C and 83.1F of the Civil Local Rules for the District Court for the Northern District of Georgia. Local Rule 83.1F(2), however, provides that nothing within Rule 83.1F "shall limit the right of an individual judge to manage the cases assigned to the ... judge, which right shall include the authority to impose monetary penalties, to disqualify counsel from participation in a particular case, and to impose any other penalties or sanctions which may be appropriate in a particular case." LR 83.1F(2).

■ An attorney is, of course, entitled to due process, which demands that the attorney receive "notice of the precise charges leveled against him and an opportunity to be heard." *Lehtinen,* 332 B.R. at 414. A show cause order affords due process if the order delineates the conduct at issue in a manner sufficient to provide the attorney an opportunity to prepare a defense and affords the attorney a hearing at which he can present evidence in support of such defense. *See id.*

In this case, the March 5th Show Cause Order specified the conduct at issue and provided Melnick a further opportunity to appear and explain his failure to appear at the earlier hearings. The Court stated explicitly its position that the established conflict procedures, which are applicable to

---

affected; and, (2) he certifies that the matters cannot be handled, and the client's interest adequately protected, by other counsel for the party in the action or by other attorneys in lead counsel's firm; certifies that he has complied with this rule, and nevertheless, been unable to resolve his own conflicts; and certifies in the notice a proposed resolution by list

of such cases in the order of priority specified by this rule." The rule requires an attorney to notify the state court of a conflict and the proposed resolution of the conflict and provides that, "absent objection from opposing counsel or the courts affected, the proposed order of conflict resolution shall stand as offered."

hearings on matters affecting the attorney's client, do not apply when counsel is specifically and individually ordered by the Court to appear regarding his own conduct. The Court also stated that, at a minimum, it expected Melnick to directly contact the Court to resolve such a scheduling conflict. Rather than appear or contact the Court, Melnick again utilized these very conflict procedures to justify his attendance at matters other than the show cause hearing and chose to explain his decision to do so by way of a letter to the Court.

Melnick again misses the point. This Court must have a means by which it can manage its cases and investigate its concerns over the manner in which an attorney of record is handling a particular case. When an attorney fails to appear for a scheduled hearing, the Court issues a show cause order directing the attorney to appear. Such an order does not simply schedule a hearing in the debtor's case that should be reset according to established conflict procedures. A show cause order requires the specific attendance of the attorney individually and is distinguishable from a general notice of hearing prepared by opposing counsel. This Court will not excuse an attorney from such an appearance simply because the attorney has unilaterally sent a conflict letter to the Court. If an attorney cannot appear for a show cause hearing, it is incumbent upon the attorney to contact the Court by telephone prior to the hearing to be specifically excused from appearing and to obtain an alternative hearing date.[2]

While the Court recognizes that it must exercise its inherent authority to sanction with restraint and that suspension from practice is a serious sanction that should not be imposed lightly, Melnick has cavalierly ignored this Court's direct order to appear on more than one occasion, and the Court cannot countenance such behavior on the part of a member of the Bar of this Court. The Court provided Melnick with an opportunity to present any defense he may have for his failure to appear at the original motion for relief hearing, but Melnick chose not to avail himself of this opportunity. The Court must assure itself that Melnick is adequately representing the Debtors and is taking his obligation to appear before this Court seriously. The Court cannot do so unless Melnick appears before it. For this reason, the Court hereby prospectively suspends Jonathan Melnick from practice before the United States Bankruptcy Court for the Northern District of Georgia pending further order of this Court. Pursuant to this prospective suspension, Melnick shall file no new bankruptcy petitions, but shall remain responsible for handling pending cases for which he is the attorney of record. The Court will consider lifting the suspension only upon the filing of a motion for reinstatement and appearance by Melnick at a hearing on such a motion.

**IT IS SO ORDERED.**

---

2. Even assuming that Bankruptcy Local Rule 5071-4 applies to such proceedings, it is not clear to the Court that Melnick complied with BLR 5071-4. Rule 5071-4 requires the attorney to certify that: (1) the attorney is lead counsel in two or more of the actions affected; and (2) the matters cannot be adequately handled, and the client's interest adequately protected, by other counsel for the party in the action or by other attorneys in lead counsel's firm; and (3) after communication with counsel for the other party or parties and *communication with the appropriate courtroom deputy or deputies,* the conflict cannot be resolved. There is no indication that Melnick communicated with this Court's courtroom deputy or attempted to resolve the conflict with her prior to sending the conflict letter.